JOHN B. LOOMIS, RESPONDENT, *v.* HUGH J. JEWETT, AS RECEIVER, ETC., OF THE ERIE RAILWAY COMPANY, APPELLANT.

*A passenger can only be put off a train at a usual stopping place or near a dwelling-house — when the question whether or not a dwelling-house is " near," within the meaning of the statute, should be submitted to the jury — 1850, chap. 140, sec. 35.*

APPEAL from a judgment in favor of the plaintiff, entered upon a verdict rendered at the Monroe Circuit, and from an order of the Monroe Special Term denying a motion for a new trial made on a case and exceptions.

This action was brought to recover damages which the plaintiff claims to have sustained by reason of being put off of one of the defendant's passenger trains by the conductor.

The plaintiff was put off the train because of his attempt to ride thereon under a stop-over ticket, in violation of the terms thereof

The court charged the jury that the plaintiff had no right to ride from Canisteo to Hornellsville upon the stop-over check; that it was his duty to have paid his fare. It was contended, however, on the part of the plaintiff that the night was dark and that he was not put off from the train at any usual stopping place, or near any dwelling-house.

The court at General Term, said: "If the verdict is sustained we are of the opinion that it must be upon this ground: The statute (1850, chap. 140, § 35) provides that 'if any passenger

shall refuse to pay his fare, it shall be lawful for the conductor * * * to put him and his baggage out of the cars, using no unnecessary force, at any usual stopping place or near any dwelling-house, as the conductor shall elect on stopping the train.' The plaintiff testified that there was no house or crossing near the place where he was put off; that it was very dark. The conductor testified that there was a farm house twenty-five rods from the crossing and thirty rods from the train; that the train was about five rods from McGee's crossing. The conductor was corroborated by some of the other testimony given. The court in its charge submitted this question to the jury upon proper instructions, and under all of the circumstances in the case we are inclined to think the trial court was correct in so submitting it. We can hardly say as matter of law, that a dwelling-house twenty-five or thirty rods distant upon another highway is within the contemplation of the statute a near dwelling-house in a dark night, its vicinity being unknown to the passenger. None of the exceptions in the case appear to be well taken."

*William H. Shepard*, for the appellant.

*J. & Q. Van Voorhis*, for the respondent.

Opinion by HAIGHT, J.; BARKER and BRADLEY, JJ., concurred.

Judgment and order affirmed.